THE STATE EX REL. IRWIN GOLDMAN v. MISSOURI WORKMEN'S COMPENSATION COMMISSION ET AL.—27 S. W. (2d) 1026.

Court en Banc, May 15, 1930.

*Alroy S. Phillips* for relator.

*Stratton Shartel*, Attorney-General, for respondents.

PER CURIAM:—Relator filed in this court on the 19th day of March, 1930, his petition for an alternative writ of mandamus directed to the Missouri Workmen's Compensation Commission, commanding it to certify to the Circuit Court of the City of St. Louis certain records and documents relating to an award theretofore made to relator by said Commission and from which said award, because of its alleged inadequacy, he had appealed to said circuit court. The petition was denied under Rule 32. Relator now asks that our action in refusing the writ be reconsidered inasmuch as a like petition had been previously denied by the St. Louis Court of Appeals on the ground that it was without jurisdiction, and relator "now knoweth not where jurisdiction lies."

This court refused to issue the writ on the ground that an adequate remedy could be afforded "by application for such writ to a court having in that behalf concurrent jurisdiction," it being the opinion of the court that both the circuit court and the St. Louis Court of Appeals had the requisite jurisdiction. The Court of Appeals seems to have considered that a state officer is a party to the proceeding, and held that it was without jurisdiction on that ground. In this we think the learned court was in error. Section 58 of the Workmen's Compensation Act provides:

"The Commission may sue and be sued in its official name and shall have a seal bearing the inscription 'Missouri Workmen's Compensation Commission.' The seal shall be affixed to all writs and

154

authentication of copies of records, papers on file, and to such other instruments as the commission shall direct, and all courts shall take judicial notice of such seal. Copies of the records and proceedings of the commission, and of all papers on file in its office, certified under the said seal, shall be evidence in all courts of the State.'' [Laws 1927, p. 517.]

From the foregoing section it appears that the Commission may sue and be sued in its official name, and that it is in effect created a legal entity, a *quasi* corporation. It further appears that the Commission as such—and not its individual members—is authorized to authenticate and certify copies of its records and of the papers and documents on file in its office. The Commission is therefore the only party against whom the proposed writ is to be issued who is in a position to comply with its command; the Commission is therefore the only necessary or proper party respondent. [High on Extra. Rems. (3 Ed.) secs. 440-447a.] And the ''Missouri Workmen's Compensation Commission'' is not a state officer.

Section 62 of the act just referred to requires the Commission to have offices in St. Louis, Kansas City and Jefferson City, at each of which places it can no doubt be served with process.

The motion to reconsider is overruled. All concur.