PAUL T. WHITE v. IRA A. JONES, DOYLE C. McCRAW, WILLIAM R. PAINTER, JOHN D. McNEELY, Comprising the Board of Managers of The State Eleemosynary Institutions, C. ARCH BAY, Steward State Hospital No. 3, Nevada, Missouri, and TED FERGUSON, State Purchasing Agent, Appellants.—No. 38681.—177 S. W. (2d) 603.

Division One, January 3, 1944.

Rehearing Denied, February 7, 1944.

*Roy McKittrick*, Attorney General, and *Tyre W. Burton*, Assistant Attorney General, for appellants.

*White & Hall* for respondent.

DALTON, C.—Action for damages for breach of the terms of a lease agreement for land in Vernon County and for a declaration of rights and obligations under the lease. A jury was waived and "the issues were submitted to the court on the pleadings and evidence produced.". The court found the issues for plaintiff and against defendants and assessed plaintiff's damages in the sum of $1000, for which sum judgment was entered. Defendants have appealed.

The state purchasing agent, in his official capacity as such, has been sued for breach of a 'lease agreement executed by his predecessor in office together with the then steward of State Hospital No. 3 of Nevada, Missouri, and the Board of Managers of the State Eleemosynary Institutions. See, Chapter 105 R. S. 1939. We have jurisdiction of this appeal because a state officer is a real party to the proceeding. Sampson Distributing Co. v. Cherry, 346 Mo. 885, 143 S. W. (2d) 307; Klaber v. O'Malley (Mo. Sup.), 90 S. W. (2d) 396; Murphy v. Hurlbut Undertaking & Embalming Co., 346 Mo. 405, 142 S. W. (2d) 449; Sec. 12, Art. 6, Constitution of Missouri.

The lease sued on was executed December 7, 1935. It provided for a term of six years from January 1, 1936 to December 31, 1941, at an annual rental of $320 per year, payable on or before June 10th of each year, and further provided, in sections 3 and 4 of the lease, that in the spring of 1940 the lessee would harrow or otherwise "level off the surface of the land" and "remove from the surface the ridges or crop-rows and other raises or depressions that remain on the surface by reason of the same having been cultivated"; that no cultivation should be done on the land during the years 1940 and 1941, except for said purposes; and that the lessee would "furnish at its own expense the grass seed (same to be a mixture of red-top, blue grass and clover seed) and resow all of said land back into grass not later than the spring of 1940." The lease was signed in the name of State Hospital No. 3 of Nevada, Missouri, by H. M. Piper, Steward and further showed the approval of George Johnson, State Purchasing Agent and H. Ed. Jameson, President Board of the Man-

agers (of the State Eleemosynary Institutions). Plaintiff alleged a breach by defendants of Sections 3 and 4 of the lease contract to his damage in the sum of $1000. Defendants, by answer, admitted that the respective defendants hold the respective positions as alleged in the petition and, as appellants here, they concede that the parties executing the lease held the respective positions as indicated therein when the lease was executed. Defendants further, by answer, set up certain affirmative defenses to the cause of action stated in the petition. They alleged that the Board of Managers of the State Eleemosynary Institutions, the officials of State Hospital No. 3 and the Purchasing Agent of the State of Missouri were not authorized by law to execute a contract or lease, such as was set forth in the complaint, and that said contract or lease was illegal and void. Defendants pleaded the specific provisions of what is now Sec. 9265, R. S. 1939 and further alleged ''that said contract, or lease, was entered into and a debt was contracted for which at the time there was not an adequate appropriation and said contract and lease was not one for the necessary support of such institutions from January first of the year the general assembly met until the year such appropriations were made.'' For reply plaintiff alleged that if the lease was void or unlawful, ''the defendants having entered into possession of said land knowingly and willfully, and having enjoyed the benefits and use thereof, are estopped to assert or allege its invalidity.''

Plaintiff is the owner of an 80 acre tract of land adjoining the grounds of State Hospital No. 3 of Nevada, Missouri. From 1910 to 1942, except for two years, this land was rented to that institution. Prior to 1929 the land was used for pasture for dairy cattle, but after that date for cultivated crops. After the execution of the lease in question for said 80 acre tract, the lessees took possession, remained in possession of the land during the period of the lease and paid the annual rentals, as in the lease provided, but, contrary to the terms of the lease, cultivated the land in 1940 and 1941 in the growing of vegetables. No action was taken at any time to level off the ridges or crop rows or to resow the land to grass, as provided in the lease. Plaintiff, as a witness in his own behalf, fixed his damages for breach of the lease covenants at $1000.

At the close of all the evidence defendants tendered to the court what is termed a demurrer. No issue is raised concerning its form. It was overruled and judgment was entered for plaintiff. The alleged demurrer is as follows: ''Now come the defendants and request the Court to declare the law to be as follows: 1. That under the pleadings and evidence in this case the contract sued upon was entered into without authority and contrary to the Constitution and laws of this State, and is void. 2. That under the pleadings and evidence plaintiffs have failed to show that the defendants are the proper parties defendant. 3. That this action cannot be maintained against

358

the State without the consent of the State and that no authority to bring the action has been granted by the State.''

Appellants· contend ''the contract sued on is illegal and void because entered into without authority of law.'' Appellants point out that the lease covers a six year period; that a state officer or agency is authorized to do only those things prescribed by the statute or constitution creating such office or agency; that all persons dealing with such officer or agency are charged with knowledge of the extent of his or its authority and are bound, at their peril, to ascertain whether a contemplated contract is within the power conferred; that the state cannot, by estoppel, become bound by the unauthorized contracts of its officers; and that ''the officers and agents of eleemosynary institutions are prohibited from entering into contracts, the payment for which at the time there was not an adequate appropriation.'' (Sec. 9265, supra.) Appellants insist that the amount necessary to comply with the provisions of Sections ·3 and 4 of the lease could not be paid out of the 1935 appropriation (Laws 1935, p. 41), ''because the obligations under those sections would not accrue until long after the appropriation of the biennium 1935-1936 had expired''; that ''the constitution prohibts the General Assembly from paying or authorizing the payment of any claim created against the state which is created without express authority of law''; that in this case the officers and agents of the state exceeded their authority in executing the lease agreement sued on, because ''it created an obligation in violation of Sec. 19 of Art. 10 of the Constitution and Sec. 48 of Art. 4, which prohibits the payment of claims accruing from unauthorized agreements and declares such agreements void''; and that ''plaintiff cannot recover on this lease agreement even though the state did pay the yearly rentals during the five (six)·year term of the lease.''

Section 14590, R. S. 1939, Mo. R. S. A., Sec. 14590, provides that the state purchasing agent ''shall negotiate all leases and purchase all lands, except for such departments as derive their power to acquire lands from the· Constitution of the State.'' We think it is apparent that, in executing the lease, the state purchasing agent acts not only as a state officer, but for and on behalf of the state department or agency for whom the lease is made. In this case, in executing the lease, he acted with and on behalf of the Board of Managers of the State Eleemosynary Institutions. It is further apparent from Chapter 105, supra, that the state purchasing agent has no funds out of which such lease rentals may be paid, but that all rentals are to be paid, from the appropriations of the departments for whom the leases are executed. Section 14592, R. S. 1939, Mo. R. S. A., Sec. 14592, provides that, ''The purchasing agent shall not furnish any supplies to any department without first securing a certification from the auditor that an unencumbered balance remains in the appropriation and allotment to which the same is to· be charged and that an

unencumbered balance remains in the fund from which payment is to be made, each sufficient to pay therefor." For definition of the term "supplies" and "department," see Sec. 14599, R. S. 1939. Section 14598, R. S. 1939, Mo. R. S. A., Sec. 14598, provides that, "Whenever any department or agency of the state government shall purchase or contract for any supplies, materials, equipment ▆▆ or contractual services contrary to the provisions of this chapter or the rules and regulations made thereunder, such order or contract shall be void and of no effect." It is unnecessary to refer to other provisions of the State Purchasing Agent Act, since none of its provisions are relied upon by appellants. Instead, reliance is placed on Section 9265, supra, and certain constitutional provisions.

Section 8567, R. S. 1929, now Section 9265, R. S. 1939, applicable to officers of eleemosynary institutions, makes it a misdemeanor for "any person having the business management of any such institution" to "contract, in the name or for the use of such institution, any debt for which there shall not be at the time an adequate appropriation." This section applied to those purporting to make this lease on behalf of State Hospital No. 3 at Nevada, Missouri. By the terms of the lease a debt for the amount of the rentals for a six year period at $320 per year was attempted to be created and an obligation imposed upon the lessees to comply with the terms of Sections 3 and 4 of the lease. Ebert v. Jackson County (Mo. Sup.), 70 S. W. (2d) 918, 920. The lease was entered into on December 7, 1935. The 1935 appropriation for operation of Hospital No. 3, included an item of $636,080.00 for "general expense, and material and supplies" for "the years 1935 and 1936." Laws 1935, pp. 39, 42. While there was no evidence that the amount of the debt incurred was not within the appropriation "for the years 1935 and 1936," it appeared from plaintiff's evidence that only the rental for the first year would fall due during the years for which the 1935 appropriation was made. No part of that appropriation was intended for the rentals or other obligations accruing more than two years after the passage of the appropriation act. Art. 10, Sec. 19, Const. of Mo. There was, therefore, no appropriation for these subsequently accruing rentals, nor for any obligations subsequently arising under Sections 3 and 4 of the lease, and the lease incurring these obligations was wholly unauthorized. Sec. 9265, supra; Chapter 105, supra; See, concurring opinion, State ex rel. St. Joseph Water Co. v. Geiger, 246 Mo. 74, 83, 93, 154 S. W. 486.

▆▆ Section 19, Art. 10 of the Constitution, relied upon by appellants, prohibits the payment of money out of the state treasury *without an appropriation*; nor unless such payment be made or a warrant shall have issued therefor within two years after the passage of such appropriation act. We are not here concerned with the payment of respondent's judgment out of the state treasury—no issue

concerning its *payment* is now presented. Appellants have appealed from the judgment of the circuit which determined the question of the validity of the lease, the breach of its terms, defendants' liability and the amount of damages, but it orders no payment to respondent out of the state treasury. The lease cannot be said to have attempted to create an obligation in violation of this section as contended by appellants. The case of State ex rel. McKinley Publishing Co. v. Hackmann, 314 Mo. 33, 53, 282 S. W. 1007, relied upon by appellants, therefore, has no application here.

Section 48 of Art. 4 of the Constitution of Missouri, relied upon by appellants, expressly prohibits the General Assembly from authorizing the payment of any claim hereafter created against the State under any agreement or contract made without express authority of law and provides that *all such unauthoried agreements or contracts shall be null and void.* While Section 14590, supra, expressly authorizes the state purchasing agent to negotiate leases, there is no express authorization for him to incur obligations for rentals or otherwise that will fall due and become payable after the lapse of two years from the date of the passage of the appropriation out of which said indebtedness is to be paid. The second clause of Section 48, Art. 4, forbids the payment of a claim under an illegal contract, meaning in this case any contract or lease entered into contrary to the terms and provisions of Sec. 9265, supra, and of Chapter 105, supra. See, Sager v. State Highway Commission, 349 Mo. 341, 346, 160 S. W. (2d) 757, 759.

Respondent contends that he is entitled to recover for breach of the terms of the lease contract even if it is void, because it appears from the evidence that the lessees went into possession of the described premises and paid the annual rents for the lease period. Respondent says that, if the lease contract was void, a tenancy from year to year was established under the facts by operation of law and that "the courts have universally held that the stipulations of such contracts with respect to ■■■ repairs and as to the amount of rent reserved and as to the time set for termination of the tenancy are all and each of them valid and binding upon the parties and may be enforced as such." Ray v. Blackman, 120 Mo. App. 497, 504, 97 S. W. 212, 214; 32 Am. Jur., Landlord and Tenant, Sec. 51, et seq.; 35 C. J. 1099, Sec. 293; 35 C. J. 1124, Sec. 344.

It will be unnecessary to pass upon the above contention since the present action is not based upon the relationship of landlord and tenant, nor upon any alleged tenancy from year to year arising by operation of law. In the proceeding before us, respondent seeks to recover damages for breach of the terms of a written lease and for a declaration of the rights of the parties under said written lease contract.

■ There is no contention here that appellants are estopped as set forth in plaintiff's reply. It will be unnecessary to consider other assignments of error by appellants. The lease agreement having been entered into without authority of law and in violation of the provisions of the statute was void and respondent has no rights thereunder. Accordingly, the judgment must be reversed; but it appears from the pleadings and the evidence that the lessees, who joined in the execution of the void lease, went into possession of plaintiff's real estate under the terms of the lease and used the real estate in a manner inconsistent with the terms of the lease; and that certain other terms of the void lease were not complied with, although the lessees had the possession, use and benefit of plaintiff's property during the entire period covered by the lease. It further appears that plaintiff insists he is entitled to recover of and from the defendants the relief here sought, but upon a theory of liability not presented by his present pleadings. If the cause is remanded to the circuit court, the plaintiff may be able to amend his petition and obtain relief. See, Jensen v. Wilson Twp., Gentry County, 346 Mo. 1199, 145 S. W. (2d) 372, 374, and cases cited.

The judgment is reversed and the cause is remanded to the circuit court in order that plaintiff may so amend his petition, if he desires, and retry the cause but, if he does not desire to amend his petition, the circuit court shall enter judgment for defendants. *Bradley* and *Van Osdol, CC.*, concur.

PER CURIAM:—The foregoing opinion by DALTON, C., is adopted as the opinion of the court. All the judges concur.

### ON MOTION FOR REHEARING.

DALTON, C.—Appellants contend that the judgment has been reversed and the cause remanded without any express ruling on appellants' contention that the court was without jurisdiction "to entertain this action against the state without the consent of the state to be sued." Appellants say the point was only inferentially ruled. We ruled that respondent (plaintiff) was not entitled to recover in the present action because the contract sued on was void and respondent has no rights thereunder.

■ Appellants insist that no provision has been made by statutory enactment authorizing any of the defendants to be sued as representatives of the state. Reliance is placed on Zoll v. St. Louis County, 343 Mo. 1031, 124 S. W. (2d) 1168, 1173, where the court said: "The courts of this state have consistently held that, absent consent of the state, its agencies cannot be sued in damages from whatever source caused, except when acting in a private or proprietary capacity as was the case in Hannon v. St. Louis County, supra. . . . It is the

prerogative of the state to determine when suit may be maintained against it or its agencies and when not." Appellants further cite Sec. 9306, R. S. 1939 and Chapter 105, R. S. 1939, and insist that there is no authorization of any suits against the board of managers of the eleemosynary institutions, the hospital steward, or the state purchasing agent. It is insisted that the state has not assumed liability for the acts of the appellants (defendants) upon which the judgment was based and, since it has not "granted authority to be sued through officers such as the defendants herein, it is not liable under the lease contract sued on." There is no contention that the Board of Managers of the State Eleemosynary Institutions is not a quasi-corporate body, having an entity apart from the members thereof and entitled to sue as such. Sec. 9306, R. S. 1939. See John O'Brien Boiler Works Co. v. Third National Bank, 282 Mo. 670, 222 S. W. 788; Am. Fire Alarm Co. v. Board of Police Commissioners of Kansas City, 285 Mo. 581, 227 S. W. 114. The authorities cited by appellants deal particularly with the liability of the state for torts of its officers and agents. 59 C. J. 194, Sec. 50; Bush v. State Highway Commission, 329 Mo. 843, 46 S. W. (2d) 854; Broyles v. State Highway Commission, (Mo. App.), 48 S. W. (2d) 78. However, the present action is not in tort, but for breach of an alleged lease contract, a proprietary matter. The case of Nacy v. Le Page, 341 Mo. 1039, 111 S. W. (2d) 25, wherein it was held that the state treasurer could not be required to submit to a legal writ of garnishment, is not relied on by appellants.

The contention that the action is against the state and that no authority has been granted to sue the state is presented on this record by the joint demurrer of all of the appellants. If it was properly overruled as to any one, it was properly overruled as to all. We hold that the demurrer was properly overruled on this issue in so far as the Board of Managers of the State Eleemosynary Institutions was concerned, since clearly the Board was not entitled to the immunity against suit enjoyed by the sovereign State. State ex rel. Highway Commission v. Bates, 317 Mo. 696, 700, 296 S. W. 418, 420. It is unnecessary to rule the issue as to the other appellants.

██ Appellants further contend that any judgment which may be recovered by respondent "on his new theory . . . would be a mere empty right completely unenforceable against the state and incapable of being paid out of any funds of the State, now appropriated, or which might be hereafter appropriated by the General Assembly." The theory advanced by appellants is that any obligation arising by reason of the alleged landlord and tenant relationship or tenancy and from year to year and the facts, to wit the entry, possession, use and payment of rent on the described premises under the void lease contract is a claim "created against the State" under an

"agreement or contract made without express authority of law." The matter presented is not before us on the record and need not be ruled.

The motion for a rehearing is overruled. *Bradley* and *Van Osdol, CC.,* concur.

PER CURIAM:—The foregoing opinion by DALTON, C., is adopted as the opinion of the court. All the judges concur.