ONEITA A. PARKER, Respondent, v. UNEMPLOYMENT COMPENSATION COMMISSION OF MISSOURI, CARL J. HENRY, Chairman, HARRY P. DRISLER, and ELMER J. KEITEL, SR., Members of the UNEMPLOYMENT COMPENSATION COMMISSION OF MISSOURI, and REMINGTON ARMS COMPANY, Appellant.—No. 40786.—214 S. W. (2d) 529.

Division One, November 8, 1948.

*John L. Porter* and *George Schwartz* for appellant; *Michael J. Carroll* of counsel.

*Paul D. Hess, Jr.,* for respondent.

[530] DOUGLAS, P. J.—This is an appeal from a decision of the Unemployment Compensation Commission denying compensation to plaintiff.

Plaintiff's claim alleges that she was eligible under the Unemployment Compensation Law to receive compensation. Her claim was denied on the ground she "was not available for work" as required by the law to establish eligibility for compensation. She duly took all the various steps for an appeal to the Unemployment Compensation Commission which also found her not available for the work and ineligible for compensation. Plaintiff then filed this action in the circuit court to review the finding of the commission which is the means for judicial review prescribed by the law.

This action was filed on the 6th day of April, 1946 naming the individual members of the commission as parties defendant. Thereafter the commission was abolished in a reorganization of the executive department of the state government, and Honorable Michael J. Carroll, director of the new Division of Employment Security, the successor to the Unemployment Compensation Commission, entered his appearance as a party defendant. He adopted the pleadings of the defendant members of the commission as his own pleadings. The circuit court reversed the decision of the commission, and found plaintiff was eligible for compensation. Carroll has appealed to this court.

[531] We shall first consider whether this case comes within the scope of our appellate jurisdiction as limited by the Constitution. Because of the recent amendments to the Unemployment Compensation Law and the new act substituting the Division of Employment Security for the Unemployment Compensation Commission, which were passed to carry into effect the reorganization of the executive department required by the Constitution of 1945, we of our own accord at the time the case was submitted questioned the statement that we had jurisdiction rather than the Kansas City Court of Appeals. Of course, if Carroll in his capacity as Director of the Division of Employment Security is the proper party defendant in a proceeding such as this, jurisdiction lies in this court because as such director he is a state officer. We have exclusive appellate jurisdiction in all civil cases where a state officer as such is a party. Const. 1945, Art. V, Sec. 3.

We have consistently held prior to the recent changes and amendments to the Unemployment Compensation Law that we had exclusive appellate jurisdiction in cases arising under that law. The reason for the ruling was that the three individual members of the commission in their own names were the necessary parties to bring suit on behalf of the commission. This authority of the commissioners was found in a provision of the law which authorized actions for the

collection of delinquent contributions to be brought "in the name of the three commissioners administering this act as members of the commission." See Laws 1939, l. c. 922, Sec. 15(h). Since the individual members of the commission were state officers and proper parties to such actions we ruled we had appellate jurisdiction of such actions. Murphy v. Hurlbut Undertaking and Embalming Co., 346 Mo. 405, 142 S. W. (2d) 449. We followed this ruling in Meyer & Co. v. Unemployment Compensation Commission, 348 Mo. 147, 152 S. W. (2d) 184, although the individual members of the commission were not named as parties. We considered the question of our jurisdiction again in Trianon Hotel Co. v. Keitel, 350 Mo. 1041, 169 S. W. (2d) 891 where we confirmed our previous rulings. However, we observed in the Trianon Hotel case that the fact that the members of the Unemployment Compensation Commission were state officers was not of itself determinative of the question of our jurisdiction. The basic factor which decided that question was that the commission appeared in court by the individual members—the members themselves were parties to the actions, not the commission. We found that the commission was not a legal entity, not a quasi public corporation with authority to sue and be sued in its official name. We pointed out that the members of the Public Service Commission, of the State Highway Commission, of the Social Security Commission were all state officers but as such the members were not parties to actions brought by or against their respective commissions because the commissions were legal entities, public quasi corporations.

Now the question arises whether the recent changes and amendments to the laws relating to unemployment compensation indicate that the legislature intended to make the Division of Employment Security a legal entity so that it may now sue and be sued in its official name.

The change in the administration of unemployment compensation was made, as we have pointed out, in pursuance to a reorganization of the executive department called for by the Constitution of 1945. Article IV, Section 12 defined the composition of the new executive department. In addition to the governor and other state officials it named the departments of revenue, education, highways, conservation and agriculture. Then it provided for the establishment of not more than five additional departments, and, of particular interest here, for the assignment of all boards, bureaus, commissions and agencies to appropriate departments. In conformity with this provision the legislature created a new department, the Department of Labor and Industrial Relations, under the supervision and control of a commission designated as the Industrial Commission of Missouri. Laws 1945, p. 1101; secs. 10160.1-10160.12 RSA. It created four divisions within the new department and assigned the administration

of the Unemployment Compensation [**532**] Law to one of the divisions entitled the ''Division of Employment Security.'' The division was placed under the control and supervision of a director, appointed by the governor. The director was vested with the powers and responsibilities and impressed with the duties placed on him by the Unemployment Compensation Law.

Thus we have the Division of Employment Security under a director succeeding the Unemploment Compensation Commission under three commissioners. Laws 1945, p. 1731; sec. 9424 A, RSA. The division was substituted for the old commission throughout the Unemployment Compensation Law. For example we find: ''It shall be the duty of the division to administer this law; . . . '' After placing the division under the control of a director with power to employ assistants and prescribe their duties, the law makes no further mention of the director except in one qualified instance which we will consider presently. All references are to the division. Rights, duties and responsibilities are all conferred on the division.

There is no provision to be found in the law which gives the division the usual specific authority to sue and be sued in its official name, nor does the law authorize it to have an official seal as it formerly did the commission. However from the powers granted the division and the attributes conferred upon it ordinarily attached to a legal entity, it is our conclusion that the legislature has made the division a definite legal entity with rights and powers of a public quasi corporation.

Of compelling significance leading to this conclusion are the provisions which give the division authority to be a party to actions in court in its own name.

First, we find in the act which created the Industrial Commission and the Department of Labor and Industrial Relations with its Division of Employment Security a provision which indicates an intent to endow the division with a legal entity. It states: ''Any action to which any commission or officer of this State who is affected by this Act, is a party, which is pending at the time this Act becomes effective, shall not abate by reason hereof, but such action shall automatically stand revived and the Commission *or the appropriate Division* of the Department shall enter *its* appearance therein.'' (Our emphasis.) Laws 1945, p. 1101; sec. 10160.10, RSA. We observe that the *Division* shall enter *its* appearance and become a party, and no authority to the director of the division to enter *his* appearance.

Next, we find that the provision authorizing the members of the old commission to sue for delinquent contributions in their own names on behalf of the commission was repealed. In its place we find ''the amount due shall be collected by civil action *in the name of the division administering the law.*'' (Our emphasis.) Laws 1947,

Vol. 2, p. 421, HB. No. 466; sec. 9436 RSA. So again in this instance the division becomes the proper party, and under its own name. And again it is revealing that the amendment did not substitute the director for the members of the old commission and empower him to sue in his name.

There is another provision where the division is made a necessary party to any court action. Where an action for a judicial review of a decision of the Industrial Commission after appeal is instituted, the law provides that "the division shall be a necessary party to any judicial action involving any such decision and may be represented in any such judicial action by any qualified attorney employed by the division and designated by it for that purpose." Laws 1945, l. c. p. 1742; sec. 9432 B (c) RSA. It is true the same paragraph first authorizes the "director or any other party" aggrieved by the commission's decision to secure a judicial review. However, we think such grant of authority to the director is qualified by the later provision which expressly designates the division and not the director as the "necessary party." We find support for this belief in the provision designating the division as the party to initiate appeals before the commission. We do not find the director has such authority. Laws 1945, l. c. p. 1740; sec. 9432 (e) RSA.

[533] The division is authorized to resort to the courts in other instances. In the event a person refuses to obey a subpoena issued by the division, the division may apply to the circuit court for an order requiring obedience to the subpoena. The division may also issue an order to produce books and papers. Laws 1947, Vol. 2, p. 401; HB. No. 466; sec. 9426 RSA.

The division is authorized to file with the clerk of the circuit court its certificate of assessment of unpaid contributions, interest and penalties against a delinquent which, after filing, takes on the attributes of a tax judgment. Laws 1947, Vol. 2, page 421; HB. 466; sec. 9436 RSA.

Among other powers which indicate the division has attributes of a quasi corporation we find the division is authorized "to enter into arrangements" with federal and other state agencies about unemployment compensation. Further, the division is authorized to enter into reciprocal agreements with federal and other state agencies about the payment of benefits and collection of contributions.

Quasi corporations are those bodies which possess certain attributes of a corporation but are not corporations in the full sense. So-called quasi corporations may consist of government or political institutions or officers which are not corporations in the full sense but which are invested by law with some of the attributes of a corporation, as the capacity to sue or to be sued as a corporate body, or to make particular contracts as a corporate body. Public corporations or public

quasi corporations may be created for public purposes only, connected with the administration of government.

All corporations and quasi corporations are creatures of the legislature. For their creation it seems to be sufficient if the legislative intent to create a legal entity is evident because no particular form of words is necessary in the statute or charter.

In a number of instances boards and commissions as administrative agencies of government have been granted powers by the legislature which establish them as legal entities with the power to hold property, to sue and be sued. Although such bodies are not expressly declared to be corporations, they are considered public quasi corporations.

For example, our state eleemosynary institutions, before the recent reorganization of the executive department, were placed under the control of a Board of Managers. The board was vested with the title to the property of the institutions. The board was authorized to sue in the name of the board for debts due any institution or for damages to the property of any institution. Secs. 9258 - 9320 R. S. 1939, RSA (now repealed). The board was not expressly declared to be a corporate body. Yet the board was recognized by this court as a quasi corporation. John O'Brien Boiler Works v. Third Nat'l. Bank of St. Louis, 282 Mo. 670, 222 S. W. 788; White v. Jones, 352 Mo. 354, 177 S. W. (2d) 603.

We said of the Workmen's Compensation Commission which was expressly authorized to sue and be sued in its official name. ". . . It appears that the Commission may sue and be sued in its official name, and that it is in effect created a legal entity, a quasi corporation." State ex rel. Goldman v. Workmen's Compensation Commission, 325 Mo. 153, 27 S. W. (2d) 1026. And see Trokey v. United States Cartridge Co., No. 40,709, 214 S. W. (2d) 526, handed down at the same time as this case for a pertinent discussion of this subject. We have adjudged the Public Service Commission to be a legal entity as a quasi corporation. It, too, was expressly authorized to sue and be sued in its official name. State ex rel. Gehrs v. Public Service Commission, 338 Mo. 177, 90 S. W. (2d) 390. One of the determining factors in our holding the State Highway Commission to be a legal entity with some corporate powers was that it was expressly authorized to sue and be sued in its official name. State ex rel. State Highway Commission v. Bates, 317 Mo. 696, 296 S. W. 418. See the authoritative discussion on this subject by Judge Goode in American Fire Alarm Co. v. Board of Police Commrs., 285 Mo. 581, 227 S. W. 114 where he held the board was not a legal entity because its members were authorized to sue in behalf of the board in their own names.

[534] While the Division of Employment Security is not given the general blanket power to sue and be sued in its official name, the division is authorized to bring suit in the name of the division, the division is directed to enter its appearance in pending actions, the division is declared to be a necessary party in actions for review filed in the circuit court, the division may apply to the circuit court for orders to enforce its subpoenas, and the division may file its certificates of assessment with the circuit clerks. By the grant of such powers to the division as can be exercised only by a legal entity, it is clear to us that the legislature must have intended the division to be a legal entity.

The law is settled that a party to an action in court must be a legal entity, that is either a natural person, an artificial person or a quasi artificial person. No action can be maintained in the name of a plaintiff which has no legal entity. Therefore, it must follow since the division may in its name both sue and be sued that it is a quasi artificial person, a public quasi corporation.

We hold that the division has an actual legal existence with capacity to sue and defend in the name of the division as a party to an action in court

Thus there has been a change of character in the agency or administrative unit charged with the duty of administering unemployment compensation. Instead of this being done by a commission which had no legal entity but acted through its three individual commissioners as formerly, we find this is now done by an entity which is a public quasi corporation under the supervision of a director.

We need but to point out that the division as a public quasi corporation is not a state officer so does not come within the category of that term. Since the division as a legal entity is the proper party defendant, and not the director, we consequently have no state officer as a party to this action. Therefore, we have no appellate jurisdiction on that score. Although the director has attempted to enter his appearance in his official capacity as a party defendant, we may treat such entry of appearance as that of the division itself as such is required by the statute.

It appears from the record that the monetary amount involved is not sufficient to invoke our jurisdiction in that respect. Nor does this case involve a construction of the revenue laws of the state. The only question for determination here is whether plaintiff is eligible to receive compensation. The decision of such a question has been expressly ruled not to involve the construction of the revenue laws. White v. State Social Security Commission, 345 Mo. 1046, 137 S. W. (2d) 569.

Since we do not have a state officer as a party in this case, and the record fails to show appellate jurisdiction in this court on any

other ground, the case should be transferred to the Kansas City Court of Appeals.

It is so ordered. All concur.