BARKDULL, Chief Judge.
It appears from the record on appeal in this cause that the matter now before the court was instituted in the trial court by the appellee, Shirley B. Gollin, filing a petition for writ of mandamus directed to the appellee, City of North Miami Beach, as respondent. The petition sought the issuance of an alternative and peremptory writ returning her to the position of an employee of the North Miami Beach Water Board, contending that she was improperly dismissed from said employment. During the pendency of the cause, the appellant, North Miami Beach Water Board, attempted to intervene in the cause; not in support of the relator’s position but in support of its right to discharge her as an employee, contending in effect that it was an autonomous entity rather than a department of the municipality.
At the outset, it is noted that intervention is normally not permitted in common law actions. However, it might be possible pursuant to Rule 1.17, Florida Rules of Civil Procedure, 30 F.S.A., for the Board to have been joined as a party respondent if, in fact, it is an autonomous entity. To determine whether or not the Board is entitled to maintain such an independent status, it is necessary to examine the charter of the City of North Miami Beach and the enabling special act of the Legislature and/or ordinance creating the Board. It appears from the record that the Board was originally established pursuant to a special act of the Legislature, passed in 1949 as Chapter 26054, Special Acts of 1949, which act was subsequently codified and made a part thereof of the City Charter by reference in 1958. Under its Charter, the City was authorized to own and operate a municipal water system, empowered to issue revenue bonds, authorized to establish a sinking fund by city ordinance for retirement of said bonds and to expend the surplus in any such sinking fund as it might deem meet and proper for other corporate purposes. The City was authorized to charge and collect rates and the City was empowered to defend the reasonableness of any rate in any suit brought against the City by any person questioning the reasonableness of same in the Circuit Court of Dade County. The City was authorized to create, by ordinance, a separate department to manage, control and operate the utility. Its five-member Board was to be appointed by the City Council and no successor to an original appointee could be named without the consent and approval of the City Council. The City Council retained the right to remove the members of the Water Board as well as the right to fix their compensation. The water rates charged could not be reduced without the approval of the City Council, and the Board’s operation was to be in accordance with the ordinances adopted by the City Council. The enumeration of these powers and the authority over the Board would clearly indicate that it was to be a subservient department within the municipality and not an autonomous body, separate and apart from the municipality.
An examination of the record has failed to reveal that the Water Board has the power to sue or be sued which, under the authorities, is an essential to its being an autonomous entity. See: Trianon Hotel Co. v. Keitel, 350 Mo. 1041, 169 S.W.2d 891; Parker v. Unemployment Compensation Comm., 358 Mo. 365, 214 S.W.2d 529; 73 C.J.S. Public Administrative Bodies and Procedure § 8, p. 307. Therefore, we hold that the appellant, North Miami Beach Water Board is in fact a department of the *586 appellee municipality and, therefore, as such had no standing to intervene or become a party respondent in the proceedings.
 It appears that in the final order entered by the trial court he has made certain adjudication, which we find to be without merit on the record. The appellee, Gollin, admitted in her petition for mandamus that she was a non-classified employee of the Water Board. She complained, by her petition, that she had been wrongfully removed from said employment by one not charged with the responsibility or authority to accomplish such a removal, contending that the sole power of removal of employees of the municipality and its departments was lodged in the City Manager, regardless of whether or not the employee was classified or unclassified.[1]
We concur with the position of the ap-pellee, Gollin, that she could only be removed by action of the City Manager, and the attempted removal by another was without force and effect and she was entitled to mandamus to secure the return to her previous position as an unclassified employee. And, so much of the trial court’s final order in issuing the peremptory writ of mandamus which attempted to place the appellee, Gollin, within the classified service of the municipality went beyond the pleadings then before him. Therefore, the final order issuing the writ of mandamus in requiring the return to employment of the appellee, Gollin, is affirmed, except as modified herein in respect to classified service.
Affirmed as modified.

. Charter of City of North Miami Beach, Art. VI, City Manager, § 34
“The city manager shall be responsible for the proper administration of all affairs of the city, except as otherwise provided herein, and to that end his powers and duties shall be:

“(3) To remove employees in his discretion, except as otherwise provided in the establishment of a civil service for municipal personnel.
“(4) To exercise control and direct supervision over all divisions and departments of municipal government under this charter and over such others as may be created pursuant to the au-tliority herein granted, including public utilities owned or operated by the City of North Miami Beach. Provided, however, the authority herein granted shall not extend to the municipal court, the legal department, or the office of auditor employed or retained by the city council.”
Art. XIII, Department of Personnel, § 79
«* * *
“Pursuant to regulations of the board, the city manager may suspend, demote or otherwise discipline any employee in the classified service, except employees in the legal department, who may be disciplined by the city attorney. * * * ”