284

**Henry F. GADDY, Appellant,**

v.

**STATE BOARD OF REGISTRATION FOR
the HEALING ARTS of Missouri,
Respondent.**

No. 50997.

Supreme Court of Missouri.

Division No. 1.

April 26, 1965.

William C. Myers, Jr., and Garold L. Morlan, Webb City, for appellant.

Thomas F. Eagleton, Atty. Gen., of Missouri, by Albert J. Stephan, Jr., St. Louis, for respondent.

PER CURIAM.

This appeal from a judgment of the Circuit Court of Jasper County affirming an order of the State Board of Registration for the Healing Arts of Missouri revoking appellant's license was sent here on the theory that the state is a party within the meaning of Sec. 3, Art. V of the Constitution, V.A.M.S. This is incorrect and respondent's motion to transfer to the Court of Appeals must be sustained. The party involved is the Board which is an artificial legal entity in the nature of a quasi public corporation. See State ex rel. State Highway Commission v. Day, 327 Mo. 122, 35 S.W.2d 37; State ex rel. Gehrs v. Public Service Commission, 338 Mo. 177, 90 S.W.2d 390; State ex rel. Goldman v. Missouri Workmen's Compensation Commission, 325 Mo. 153, 27 S.W.2d 1026; establishing this principle for these older commissions established under our 1875 Constitution. Appellant cites State ex rel. Lentine v. State Board of Health, 334 Mo. 220, 65 S.W.2d 943, which however did not involve such a legal entity. See Secs. 9013–9023, RS 1929. Since the reorganization of the executive department of our state government under Sec. 12, Art. IV of the 1945 Constitution much of the important work of the executive branch has been carried on by boards and commissions which act in corporate capacities. See Vol. 1964, No. 4, Washington University Law Quarterly, Sec. 6.051, p. 595 et seq.; see also Parker v. Unemployment Compensation Commission, 358 Mo. 365, 214 S.W.2d 529 (Division of Employment Security); Dunnegan v. Gallop, Mo.Sup., 369 S.W.2d 206 (Department of Public Health and Welfare); State ex rel. and to Use of Gibson v. Board of Chiropractic Examiners, Mo.App., 365 S.W.2d 773; State ex inf. Wallach ex rel. Missouri Optometric Association v. Schneider's Credit Jewelers, Inc., Mo.App., 243 S.W.2d 125. The applicable statutes in the last two cases creating the Optometry Board (Sec. 336.-130) and the Chiropractic Examiners (Secs.

331.090, 331.100) are substantially the same as those (Secs. 334.120, 334.123, 334.125) establishing the Board herein involved.

It is ordered that this case be transferred to the Springfield Court of Appeals.