QUESTION:
Are the financial accounts of firemen's and policemen's pension trust funds subject to the annual postaudit of municipalities, pursuant to s. 1, Ch. 73-129, Laws of Florida?
SUMMARY:
The boards of trustees of municipal firemen's and policemen's pension trust funds, created by Chs. 175 and 185, F.S., respectively, are municipal boards and agencies of municipalities and are not autonomous entities. As such, they are subject to annual postaudit of municipal financial accounts, pursuant to s. 1, Ch. 73-129, Laws of Florida.
Section 1, Ch. 73-129, Laws of Florida, repeals Ch. 166, F.S. 1971, and adopts in lieu thereof a new Municipal Home Rule Powers Act. Section 166.241(4) of this new act provides that:
"Each municipality shall make provision for annual postaudit of its financial accounts in accordance with the rules of the auditor general. It is the legislative intent that the rules of the auditor general impose substantially the same requirements as formerly contained in s. 167.611."
Section 167.611, F.S. 1971, which was also repealed by Ch. 73-129, supra, established requirements and duties relating to the postaudit of the accounts and financial records of all municipalities. The term "municipalities" was defined as "all municipalities, including the financial departments, officers, and agencies thereof, whose total annual budgets, from all sources, equal $50,000 or more." (Emphasis supplied.) Section 167.611(1)(a). The rules promulgated by the auditor general are substantially similar to the provisions of s. 167.611. Ch. 10.500, Rules of the Auditor General, Annual Post Audit Requirements of Municipalities.
Against this statutory and regulatory background, you inquire as to whether the financial accounts of firemen's and policemen's pension trust funds established pursuant to Chs. 175 and 185, F. S. 1971, respectively, are municipal financial accounts within the purview of s. 166.241(4), supra. Put in different terms, you inquire as to whether the boards of trustees of firemen's and policemen's pension trust funds are municipal boards or agencies of municipalities, or autonomous entities.
Chapters 175 and 185, supra, establish pension trust funds for firemen and policemen, respectively, in each municipality of the state. Sections 175.041 and 185.03. The boards of trustees of the funds consist in part of the mayor or corresponding officer and the chief of the fire department (firemen's pension trust fund) or chief of police (policemen's pension trust fund). Sections 175.061
and 185.05. The funds consist in part of moneys derived from municipal license taxes levied upon fire insurance companies (firemen's pension trust fund) and casualty insurers (policemen's pension trust fund) and other contributions made by the municipalities. Sections 175.091 and 185.07. The license tax revenue is collected for each municipality by the state treasurer and is distributed to each municipality at least once a year. Sections 175.121 and 185.10. Municipalities must pay such revenue into the appropriate funds. Sections 175.121 and 185.11. All funds and securities of the funds are required to be deposited with the municipal treasurer or depository, who is compelled to keep the same as a separate fund and be liable for the safekeeping thereof under the bond given by him to the municipality. Sections 175.301
and 185.30.
The foregoing characteristics of Florida's municipal firemen's and policemen's pension trust funds, created pursuant to Chs. 175 and 185, supra, seem to indicate that the boards of trustees of such funds are boards or agencies of municipalities, and not autonomous entities. In this regard, substantially similar characteristics were relied upon by an Illinois court in holding that the Board of Trustees of the Firemen's Pension Fund of the City of Peoria is a branch of the municipal government of the City of Peoria. People v. Mueller, 66 N.E.2d 516 (Ill. 1946). According to the court,
"[t]he firemen's pension fund is in part maintained by taxes levied on the taxable property in the City of Peoria and a percentage of the revenue collected by the city. . . . The Board of Trustees . . . consists of the city treasurer, clerk and controller and three active firemen of the city. The treasurer of the board is required to execute a bond to the city, and in case of a breach of the bond, suit may be brought by the city."
The conclusion reached by the Illinois court, and suggested herein, is further supported by the general rule that a pension fund for members of fire and police departments (as well as for other municipal employees), at least so far as the legislation for its creation operates prospectively, is essentially part of the compensation for services to a municipality. [See] 62 C.J.S. Municipal Corporations s. 614, p. 1267. Voorhees v. City of Miami,199 So. 313 (Fla. 1940). As such, a municipality appears to have a legitimate interest in the use, by the fund's board of trustees, of the municipal tax revenue and other moneys contributed by the municipality to the fund's operation, at least to the extent of determining whether the board has complied with the terms and intendments of enabling legislation. Conversely, the beneficiaries of such a fund would have the right to an equitable accounting of the tax revenues collected by the municipality under authority of the enabling legislation. See City of Miami v. Carter, 105 So.2d 5
(Fla. 1958).
Finally, it should be noted that the city attorney of each municipality is instructed by ss. 175.291 and 185.29, supra, to give advice to the board of trustees of each firemen's and policemen's pension trust fund and to
". . . represent and defend said board as its attorney in all suits and actions at law or in equity that may be brought against it and bring all suits and actions in its behalf that may be required or determined upon by said board; provided, however, that if said attorney shall fail or refuse to comply with the request of the board of trustees in this relation, the said board of trustees in its discretion may employ independent legal counsel." (Emphasis supplied.) (Sections 175.291 and 185.29.)
This general requirement that the boards of trustees of municipal firemen's and policemen's pension trust funds use the legal services of the city attorney is another indication that such boards are municipal boards, since a city attorney is ordinarily restricted in his duties to rendering legal services to a municipality and its agencies. [See] 62 C.J.S. Municipal Corporations s. 695, p. 1388.
However, ss. 175.291 and 185.29, supra, raise the question of whether the boards of trustees of the funds may sue or be sued. While the power to sue and be sued has been stated to be essential to an autonomous entity, North Miami Beach Water Board v. Gollin,171 So.2d 584, 585 (3 D.C.A. Fla., 1965), such power may also be granted by statute to a municipal agency. [See] 64 C.J.S. Municipal Corporations s. 2195, p. 1034. Thus, a municipal agency may have the power to sue and be sued in its own behalf without being an autonomous entity. Cf. Nuce v. Board of Trustees for the City Pension Fund for Firemen and Policemen in the City of Miami Beach, 246 So.2d 610 (3 D.C.A. Fla., 1971), in which the city was not joined as a necessary party in an action against a municipal firemen's and policemen's pension trust fund created by special act, the court not ruling on the independent status of the fund. As a result, the apparent legislative grant of authority in ss. 175.291 and 185.29 — that is, the boards of trustees' power to determine which actions shall be brought by the city attorney in their behalf, and the city attorney's duty to bring and defend actions against them — do not necessarily alter the boards of trustees' status as municipal boards or agencies.
In sum, I am of the opinion that the boards of trustees of Florida's municipal firemen's and policemen's pension trust funds, created by Chs. 175 and 185, supra, respectively, are municipal boards and agencies of municipalities and not autonomous entities. Thus, they are subject to annual postaudit of municipal financial accounts, pursuant to s. 1, Ch. 73-129, Laws of Florida.