QUESTION: May the Board of Trustees of the City Pension Fund for Firemen and Policemen in the City of Tampa employ independent legal counsel, or must it use the services of the city attorney of Tampa?
SUMMARY: The Board of Trustees of the City Pension Fund for Firemen and Policemen in the City of Tampa, as a municipal board, must use the services of the city attorney of the City of Tampa in transacting its business and cannot employ independent legal counsel. You state that the Board of Trustees of the City Pension Fund for Firemen and Policemen in the City of Tampa (hereinafter referred to as the "board of trustees" or the "board") seeks to retain (or has retained) independent legal counsel to represent it in a controversy with the mayor, the city council and the city attorney over whether the city council, pursuant to the authority of Ch. 31310, 1955, Laws of Florida, amending the Charter of the City of Tampa, has the power to enact an ordinance providing for deferred pensions without additional employee contributions. In order to respond to your question, it is first necessary to determine whether the board is a subservient municipal board, or a legally autonomous entity. To make this determination, it is necessary to examine the enabling special act of the legislature and the ordinance creating the board. North Miami Beach Water Board v. Gollin, 171 So.2d 584, 585 (3 D.C.A. Fla., 1965). The board was originally established by Ch. 21590, 1941, Laws of Florida, as subsequently amended, which act was incorporated in the municipal code. Sections 28-16 — 28-18, Tampa Code. The act provides for a special fund to be known as the City Pension Fund for Firemen and Policemen in the City of Tampa. Section 1, Ch. 21590. The fund consists in part of moneys derived from a one-mill tax assessed by the city on all taxable property within the city, and any appropriations from the city's general fund which the city may appropriate. Section 2, Ch. 21590. Three of the board's members are appointed from the city administration by the mayor, the other members being elected by the firemen and policemen. Section 5, Ch. 21590. Finally, the city, and not the board is authorized to enter into a contract with each qualified fire and police department employee establishing the employee's benefits under the pension fund. Section 12, Ch. 21590. These characteristics seem to indicate the non-autonomous status of the board. Probably the most decisive factor in determining whether the board is an autonomous entity, however, is the absence in the enabling act or the municipal code of any power in the board to sue or be sued, such power being essential to an autonomous entity. North Miami Beach Water Board v. Gollin, supra; see, generally, 73 C.J.S. Public Administrative Bodies and Procedure s. 8, p. 307. Thus, I am of the opinion that, due to the city's relationship to the board, as defined by the enabling act and municipal code, and the board's lack of power to sue or be sued, the board is in fact a municipal board of the city of Tampa, and is not an autonomous entity. As to the specific question of whether the board may employ independent legal counsel, s. 175.321, F.S., provides that certain sections (relating to the levy and disposition of a municipal license tax on insurance companies) of the Municipal Firemen's Pension Trust Fund Act, Ch. 175, id., apply to all municipalities of the state, but that the remaining sections of the act, including those which govern "the duties of the officers of those municipalities in relation to such fund," do not apply to any municipality which already has a municipal pension fund for firemen and policemen. One of the remaining sections which does not apply is s. 175.291, id., instructing the city attorney of a municipality to render legal services to a firemen's pension fund, and providing that, if the city attorney fails or refuses to render such services, the fund's board of trustees may employ independent legal counsel. See also ss. 185.32 and 185.29, F.S., of the Municipal Police Officers' Retirement Trust Fund Act. Therefore, in order to determine whether, and under what circumstances, the board of trustees of the instant firemen and policemen's pension trust fund is empowered to employ independent legal counsel, rather than use the services of the city attorney, it is again necessary to examine the enabling act creating such fund. In this regard, it is a general rule, often repeated, that administrative or regulatory boards created by legislative action possess only such powers as are expressly granted or necessarily implied in order to carry out an express power. State v. Smith, 35 So.2d 650 (Fla. 1948); Edgerton v. International Company, 89 So.2d 488 (Fla. 1956). Section 5(f), Ch. 21590, supra, states in pertinent part that The Board of Trustees shall by majority vote of its members appoint a secretary, who may, but need not be, one of its members. It shall engage such actuarial and other services as shall be required to transact the business of the pension system. The compensation of all persons engaged by the Board of Trustees and all other expenses of the board necessary for the operation of the retirement system shall be paid at such rates and in such amounts as the Board of Trustees shall agree. . . . (Emphasis supplied.) Nowhere in the foregoing language, or anywhere else in the act, is the board expressly authorized to engage independent legal counsel. Therefore, the exercise of such power must be based on a necessary implication; or, in the words of the act, the services of such independent legal counsel must be "required." According to s. 35 of the 1927 Revised Charter of the City of Tampa, as amended by s. 2, Ch. 15534, 1931, Laws of Florida, now s. 145 of the Tampa Charter Compilation, the city attorney of the City of Tampa is required . . . to take the management, charge and control of all the legal business of the city and to be, in regard to all municipal affairs, the legal advisor of the mayor, the board of representatives and committee thereof, and all of the several departments, officers and boards of the city government, and when required he shall furnish written or verbal opinions to them upon any subject in which the city is interested. . . . It shall be his duty to commence and prosecute all actions and suits to be brought by the city
before any tribunal in this state. . . . (Emphasis supplied.) As previously indicated, the Board of Trustees of the City Pension Fund for Firemen and Policemen in the City of Tampa is a municipal board and not an autonomous entity. As such, the city attorney is compelled to render legal advice to the board and to take charge of all the board's legal business. For these services, and for other services rendered to the City of Tampa, the city attorney is remunerated by the city. Section 145, Tampa Charter Compilation. Thus, it is not necessary, or "required," that the board retain independent legal counsel in connection with the board's business transactions; and this results even though the board disagrees with the legal advice rendered by the city attorney. To rule otherwise would mean that every municipal department or board would be allowed to employ independent legal counsel whenever it was opposed to the legal position advanced by the city attorney. Such a holding would lead to disharmony and disorderly procedure in city governmental administration and operation. See Kingsport Press, Inc. v. Board of Education of the City of New York, 276 N.Y.S.2d 75
(N.Y.Sup.Ct. 1966). (The only situation in which services of an independent legal counsel might be "required" is when the city attorney fails or refuses to render services as required by the city charter.) The conclusion reached herein is consistent with the general rule, expressed in McQuillin, The Law of Municipal Corporations, s. 29.12, p. 259-260 (3rd ed. 1966), that . . . where the [municipal] corporation has regular counsel, charged with the duty of conducting all the law business in which the [municipal] corporation is interested, contracts for additional or extra legal services are unauthorized. And this rule has frequently been applied to the engagement of attorneys by municipal boards, commissions, departments, or officials, for the performance of services within the proper sphere of activity of the city attorney, or city law department. (Emphasis supplied.) In sum, the Board of Trustees of the City Pension Fund for Firemen and Policemen in the City of Tampa, as a municipal board, must use the services of the city attorney of the City of Tampa in transacting its business and cannot employ independent legal counsel. Your question is answered in the negative.