**Shirley Marie PITTS, Plaintiff-Appellant,**

v.

**MALCOLM BLISS MENTAL HEALTH CENTER et al., Defendants-Respondents.**

**No. 36000.**

Missouri Court of Appeals, St. Louis District, Division Four.

March 25, 1975.

Motion for Rehearing or Transfer Denied April 14, 1975.

Application to Transfer Denied May 12, 1975.

Gerritzen & Gerritzen, Ray A. Gerritzen, St. Louis, for plaintiff-appellant.

John C. Danforth, Atty. Gen., K. Preston Dean, II, Chief Counsel, Crim. Div., Michael L. Boicourt, Asst. Atty. Gen., Jefferson City, for defendants-respondents.

NORWIN D. HOUSER, Special Judge.

This is an appeal by Shirley Marie Pitts from an order sustaining motions of defendants to dismiss her petition for wrongful death of her husband.

Appellant filed suit under § 508.010, RSMo 1969, V.A.M.S., against the State of Missouri, Malcolm Bliss Mental Health Center, Dr. Kathleen Smith, Superintendent of the center, and Dr. Charles M. Rich. The salient allegations of the petition follow: On March 8, 1973 plaintiff's husband, Lansing S. Pitts, Sr., while working at his employment, suddenly and without provocation was shot and killed as a result of gunshot wounds inflicted by Kenneth Strain, a mental patient who had been confined at Malcolm Bliss Mental Health Center from November 27, 1972 to January 11, 1973, where he was treated, cared for and controlled by the State, the center and defendant Kathleen Smith, who was superintendent of and in charge of all operations of the center during that period of time. Paragraph 6 alleged that these three defendants "negligently and carelessly failed to properly treat said Kenneth Strain so as to cure any mental condition from which he was suffering while confined" at the center. Paragraph 7 alleged that all four defendants on or about January 11, 1973 "negligently and carelessly caused, suffered and permitted the said Kenneth Strain to be released from said [center] to circulate amongst the public and be where members of the public are, although defendant knew, or by the exercise of reasonable care, commensurate with the care of the mentally ill, could have known, that the said Kenneth Strain was still under need of mental treatment, was extremely dangerous to others, had a history of fighting at work, and was violent when not under medication, and that all said defendants released the said Kenneth Strain on or about January 11, 1973 without having him on any medication of any kind for his mental condition, which further rendered him extremely dangerous and likely to injure persons, and that as a direct and proximate result thereof, the said Kenneth Strain shot and killed Lansing S. Pitts, Sr. on or about March 8, 1973, without any cause or provocation." Paragraph 8 alleged that all four defendants "negligently and carelessly failed to have the said Kenneth Strain under any treatment or medication of any kind after they released him on January 11, 1973 from the [center], although they knew, or by the exercise of ordinary care, could have known that he was likely to injure and kill persons as a direct result of not being on any medication or treatment of any kind from January 11, 1973 up to and including March 8, 1973, when he shot and killed Lansing S. Pitts, Sr."

Doctors Smith and Rich filed a motion to dismiss the petition for failure to state a claim upon which relief can be granted, on these grounds: (1) that the petition alleges an exercise of discretion by the doctors in discharging Strain from supervision, and that state officials acting in their official capacity on the staff of the center cannot be made the basis for a wrongful death action because they are cloaked with official immunity regarding discretionary acts performed in their official capacity, and share the governmental immunity of the State to that extent; (2) that no specific act or omission on the part of either doctor, negligent or intentional, which would constitute tortious conduct which would serve as the basis for a wrongful death action, is

alleged; (3) that the petition alleges an independent and intervening act by third party Kenneth Strain in intentionally inflicting gunshot wounds on Pitts, which independent and intervening act was the sole cause of his death.

The State and the center filed a motion to dismiss the petition raising the defense of sovereign immunity both for the State and the center, as an instrumentality of the State, and that the alleged acts and omissions of defendants were not the proximate cause of the death; ·and counting upon the independent and intervening act of Kenneth Strain as the sole cause of the death of Mr. Pitts.

Following a hearing the circuit court sustained both motions. We affirm.

■■ Appellant's principal point on appeal, to which by far the greater part of her brief and argument is addressed, is that the doctrine of governmental immunity is archaic and outmoded and should be abolished by this Court in this case. In State v. Hall, 389 S.W.2d 798 (Mo. banc 1965), and in Smith v. Consol. School Dist. No. 2, 408 S.W.2d 50 (Mo. banc 1966), the Supreme Court of Missouri reaffirmed the validity of the doctrine of sovereign immunity in this State. In Payne v. County of Jackson, 484 S.W.2d 483 (Mo.1972), the Supreme Court took the same position. On March 10, 1975, in O'Dell v. School Dist. of Independence, 521 S.W.2d 403 (Mo. banc 1975), and Rennie v. Belleview School Dist., 521 S.W.2d 423 (Mo. banc 1975), a majority of the Judges of the Supreme Court en banc questioned the power of the judiciary to abrogate the doctrine of sovereign immunity, specifically declined to assert it if the power exists, and reaffirmed the validity of the doctrine of governmental immunity. The decisions of the Supreme Court of Missouri are controlling in all other courts, including this Court, and we have neither the power nor the temerity to rule contrary to the foregoing controlling decisions of the highest court in the state. Mo.Const. Art. V, § 2, V.A. M.S.

■ Appellant's second point: "The Malcolm Bliss Mental Health Center and particularly the individual defendant doctors as defendants in the above entitled cause are performing a proprietary function and responsible for their negligence." This abstract statement fails to comply with Rule 84.04(d), V.A.M.R., which requires points relied on to "state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous * * *. Setting out only abstract statements of law without showing how they are related to any action or ruling of the court is not a compliance with this rule." The only authority cited by appellant is White v. Jones, 352 Mo. 354, 177 S.W.2d 603 (1944), which held that The Board of Managers of State Eleemosynary Institutions was not entitled to the immunity against suit enjoyed by the sovereign State of Missouri in an action brought against it and others for breach of the terms of a lease agreement for land and a declaration of rights and obligations under the lease, for the reason that this was a proprietary matter. The Court quoted with approval from Zoll v. St. Louis County, 343 Mo. 1031, 124 S.W.2d 1168, 1173 (1938), the proposition that "absent consent of the state, its agencies can not be sued in damages from whatever source caused, except when acting in a private or proprietary capacity * * *." White v. Jones is of no assistance to appellant for two reasons. First, it involves the state's legal liability under a contract, not for allegedly tortious conduct; second, it involves proprietary functions of the state, not governmental functions. The petition here for review does not allege that the center is a private mental health institution, operating in a proprietary capacity for profit. While not in terms alleging that the center is a public facility performing governmental functions, this is the plain inference to be drawn from the peti-

tion. In her brief appellant refers to the center inferentially as a "state hospital." That it is a state and not a private facility appears with certainty from § 202.020, RSMo 1969, V.A.M.S., which at the time this case arose recognized Malcolm Bliss Mental Health Center by name as a state facility under the administrative control of the division of mental health and the state department of public health. As such the center was an instrumentality of the state, protected and immunized from tort liability to the same extent as the state itself.

Accordingly, the state not having consented to suit by appellant, the center is immune from suit and from liability under the facts alleged in the petition, and the circuit court properly sustained the motion of the state and center to dismiss the petition. We need not explore the further reason for dismissal asserted by them, namely, that the petition affirmatively alleges an independent, intervening act by a third person, not made a party to this suit, as the sole cause of the death of appellant's husband.

As to the individual doctor defendants: Any claim of error with respect to the ruling dismissing the petition as to them has been abandoned by appellant's failure to comply with Rule 84.04(d) and to develop whatever point her counsel had in mind in the argument portion of her original or reply brief. Ludwigs v. City of Kansas City, 487 S.W.2d 519 (Mo.1972); Robinson v. Gerber, 454 S.W.2d 933 (Mo.App.1970). The only reference in appellant's briefs to the liability of the individual doctors is the oblique, extraneous and impertinent suggestion that "the individual doctors sued here undoubtedly have malpractice insurance covering their negligent acts."

The order sustaining the motions to dismiss the petition is affirmed.

SMITH, C. J., and ALDEN A. STOCKARD, Special Judge, concur.