THE STATE ex inf. T. B. McGINNIS, Prosecuting Attorney, ex rel. D. R. KEMBLE et al., v. CONSOLIDATED SCHOOL DISTRICT NO. 3 OF PIKE COUNTY et al., Appellants.

In Banc, February 15, 1919.

1. **JUDGMENT: Consolidated School District: Dissolution: Restoration of Former Districts.** Where the basic allegation of relator's suit to oust directors of a consolidated school district is that the district was legally established, a judgment which undertakes to reestablish the previous defunct districts and restore their officers and functions is outside the pleadings and exceeds the power of the court.

2. ———: ———: ———: **Unorganized Territory.** Upon a valid dissolution of a consolidated school district the territory out of which it was formed becomes "unorganized territory" under the statute, and can thereafter be organized into school districts only by the method prescribed by statute, which includes, among other things, a vote of its inhabitants.

3. **QUO WARRANTO: Ousting Officers: Information.** An information in the nature of a *quo warranto* for the sole purpose of ousting school directors may be exhibited by the prosecuting attorney upon the relation of private persons; and that being one of the purposes of this suit, it is not decided whether or not it was indispensable, for the further purpose of disincorporating the school district of which they were directors, that the information in the nature of a *quo warranto* should have been filed by the prosecuting attorney in virtue of his office, of his own initiative and as the representative of the State, but the case is decided on its merits.

4. **JURISDICTION: Ousting School Directors.** A Court of Appeals has no jurisdiction of an action whose subject-matter is the ousting from office of school directors. [Pronouncing void on this

point the judgment in State ex inf. Brownfield v. Consolidated School District, 195 Mo. App. 507.]

5. **CONSOLIDATED SCHOOL DISTRICT**: Ousting Directors: No High School: Pending Litigation. It was a prudent matter for the directors of a consolidated school district not to hold an election to authorize them to issue bonds for the purpose of establishing a central high school while litigation seeking to disincorporate the district was pending; and if during that time they maintained such elementary schools as a levy of a sixty-cent tax permitted, they cannot be ousted or the consolidated district dissolved for a failure to maintain a high school.

Appeal from Pike Circuit Court.—*Hon. Edgar B. Woolfolk,* Judge.

REVERSED AND REMANDED (*with directions.*)

*John W. Matson* for appellants.

(1) The trial court erred in refusing to give instructions asked for by appellants at the close of all the evidence. State ex inf. Atty. Gen. v. Consolidated School District No. 2, 275 Mo. 522; State ex rel. Letcher v. Dearing, 253 Mo. 614; State ex rel. v. Wilson, 30 Kan. 661. (2) The trial court erred in dissolving the consolidated school district in this proceeding, said district being an incorporated municipality, and municipal charters cannot be forfeited or dissolved by this character of proceedings. State ex inf. Atty. Gen. v. Con. School Dist. No. 2, 275 Mo. 522; State ex rel. Letcher v. Dearing, 253 Mo. 604; 1 Dillon on Municipal Corporations (3 Ed.), chap. 7, par. 165-168; Bishop on Public Corporations, par. 118-19; High on Extra Legal Rem. 616, 617, 618, 637, 643, 645; McDonough v. Bacon, 84 S. E. 588; Commonwealth v. Pittsburgh, 14 Pa. St. 1777, 14 Pa. St. 181; Atty. Gen. v. Salem, 103 Mass. 138; Bailey on Habeas Corpus, par. 337; 17 Ency. Pl. & Pr. p. 399; Sec. 10870, R. S. 1909; State ex rel. v. Sheppard, 192 Mo. 497. (3) The court erred in ousting the board of directors of said district. Especially at the relation of the private relators in this case. State

30 SUPREME COURT OF MISSOURI,

State ex inf. McGinnis v. School Dist. No. 3.

ex rel. v. Wilson, 30 Kan. 661. If relators had any remedy against the directors it should have been pursued by mandamus. State ex inf. Atty. Gen. v. Consolidated School Dist. No. 2, 275 Mo. 522; State ex rel. v. School District, 131 Mo. 505. "It is the duty of the directors to adopt school books required by proper authorities, and all failure so to do, mandamus is the remedy." State ex rel. v. School District, 74 Mo. 21. "If there has been any laches on the part of the relators, or if there are any other remedies the court will not grant the writ" of *quo warranto* in this case. The prosecuting attorney as relator might have proceeded by mandamus. State ex rel. Jackson v. Mansfield, 99 Mo. App. 146, 260 Mo. 284; State ex rel. Anderson v. Moss, 187 Mo. App. 151; State v. Talbot, 133 Mo. 69; 23 Am. & Eng. Ency. Law (2 Ed.), p. 626. *Quo warranto* will not lie merely to redress official misconduct or to test the legality of official action on the part of one whose right to exercise legitimate powers of the office is not at issue. 23 Am. & Eng. Ency. Law, p. 632 and note; State v. Wilson, 30 Kan. 666. (4) The court erred in rendering the decree rendered in this cause, especially in undertaking to reincorporate the old districts, which were disincorporated by the incorporation of the admitted Consolidated School District No. 3. State ex inf. Atty. Gen. v. Consolidated School District No. 2, 275 Mo. 528; State ex inf. v. Smith, 271 Mo. 168.

*Tom B. McGinnis*, Prosecuting Attorney, and *Hostetter & Haley* for respondents.

(1) The consolidated district failed to comply with the provisions Sec. 10776, R. S. 1909, and with the provisions of the Act of 1913, Laws 1913, p. 721, applying to city, town and consolidated schools, and thereby lapsed as a corporate body, and its directors were properly ousted in a proceeding in the nature of *quo warranto* brought at the relation of resident taxpaying

citizens of the district. State ex rel. v. Claxon, 263 Mo. 701; State ex inf. Atty. Gen. v. Consolidated School Dist. No. 2, 275 Mo. 522; State ex rel. v. School Dist. No. 5, 195 Mo. App. 507.

BOND, C. J.—The prosecuting attorney of Pike County, upon the relation of D. R. Kemble and others, filed an information in the nature of a. *quo warranto* for the purposes of annuling the corporate franchise of Consolidated School District No. 3, which had been created according to law, and of ousting its duly elected directors from their offices as such, upon the ground that said corporation and its directors had failed to perform the duty prescribed by law, "to-wit, the maintenance of a high school or consolidated district school therein."

After the overruling of their demurrer, respondents answered, admitting the incorporation of the consolidated district out of portions of territory of five school districts, at an election held on June 29, 1915; admitting that said consolidated school district had not maintained a high school, but averring that it had maintained two public schools within said consolidated district for instruction up to and including what is known as the eighth grade, and that all school advantages which the inhabitants of said consolidated district had enjoyed before its incorporation were provided and had been maintained for them ever since;. averring further that said prosecuting attorney, shortly after the formation of said consolidated district, to-wit, October 4, 1915, filed an information in the nature of a *quo warranto* upon the relation of D. R. Kemble and other persons, attacking the validity of the incorporation of said. consolidated district and seeking to forfeit its franchise and oust its then directors from their offices as such; that upon issues joined by answer and reply, said cause was tried in the circuit court on October 22, 1915, and a judgment entered therein against the relators in said proceeding and in favor of the re-

spondents therein; that thereafter the relators in said proceeding duly appealed to this court. Respondents further answered that they promptly moved to advance the hearing of said cause in the Supreme Court in order that the validity of the incorporation of said district should be established and that they might thereafter take a vote for the issuance of bonds for the erection of a high-school building.

To this answer respondents, in the present proceeding, filed a reply admitting their previous attempt by information in the nature of *quo warranto,* to annul the charter of said consolidated district, and that judgment in that proceeding was rendered in favor of respondents therein; averring that respondents, after the institution of the present action, sought to prohibit its entertainment in the circuit court and that the Supreme Court denied that application. Respondents further replied that thereby the Supreme Court held that the pendency of the former proceeding did not bar the institution of the present information in the nature of a *quo warranto,* which was brought pending the appeal in the former.

Upon these issues the present case was submitted to the court without a jury. The learned trial judge found that respondents had not established or maintained a high school or consolidated district school since the organization of said Consolidated School District Number Three, whereupon he rendered judgment, on June 14, 1918, ''that said Consolidated School District No. 3 of Pike County, be and the same is hereby dissolved and its charter, rights and franchises in all respects forfeited and held for naught,'' and further, that its directors named . in the present proceeding be ousted from their positions and shorn of all authority as such directors. The learned trial judge further ordered and decreed that the several school districts out of whose territory said consolidated district was formed be restored to all the rights they had prior to the establishment of said consolidated district, with

full power and authority in each of said districts 23, 26, 28, 32 and 33 to manage its own school affairs by a board of directors as if no consolidated school district had ever been formed.

In addition to the admissions in the pleadings, the evidence showed that for three years prior to the judgment of the circuit court the respondents had maintained an organization and disbursed the moneys received by them in the maintenance of two common schools for two years during eight months of each year, and for the third year the maintenance of said schools for seven months; that they had expended for these purposes all of the sixty per cent levy of taxation for their benefit, except what was used in defraying attorneys fees in the litigation attacking the validity of the incorporation of said consolidated school district; that they had not taken a vote for a bond issue to construct a high school, for the reason that such securities would not be marketable pending an appeal from the former judgment in their favor establishing the validity of the incorporation of the consolidated school district.

It is suggested in this case that our records show that the appeal taken from the former judgment in their favor in the former suit was dismissed by the appellants therein after the obtention by them of the judgment from which the present appeal is taken.

The evidence showed that respondents have been seeking to accomplish the ends for which the consolidated district represented by them was formed, to the extent that the revenue derived by them from taxation and other purposes, except what was paid to their counsel, has been devoted to the maintenance of schools for the benefit of the inhabitants of the district.

I. Plainly the judgment of the circuit court which sought to resuscitate the defunct school district was *dehors* the pleadings in this case and *dehors* the power of the court to render. [Laws 1913, p. 723, sec. 6;

34      SUPREME COURT OF MISSOURI,

State ex inf. McGinnis v. School Dist. No. 3.

State ex inf. v. Smith, 271 Mo. l. c. 177.] If
**Excessive Judgment.** the present consolidated school district was
legally established (which is the basic alle-
gation of relator's suit) then its dissolution, even if
validly decreed, would not, *per se,* restore the cor-
porate franchises of the previous school districts, nor
restore its directors to 'their former offices and func-
tions. Neither was it within the judicial power of the
circuit court after dissolving the consolidated district,
to recreate and restore the former districts or their
officers even if such issue had been within the plead-
ings, for when the former districts ceased to exist
as such, the terrain comprehended within them be-
came a part of the new consolidated district formed
thereof, and upon a valid dissolution of the latter, such
terrain would become "unorganized territory" (R. S.
1909, sec. 10776), and could thereafter be organized
into school districts only by the method prescribed in
the statute and upon the votes of its inhabitants.
[R. S. 1909, sec. 10836.] It is clear, therefore, that so
much of the judgment of the learned trial court as
undertook to reincorporate the former school dis-
tricts and refunction their officers, was outside the
issues on trial, as well as outside the pale of judicial
authority. So much, therefore, of the decree in the
present case as undertook to do this, was a simple
nullity.

II. The decisive question on this appeal is whether
or not the remainder of the judgment of the trial court
purporting to annul the incorporation of the Consoli-
dated School District No. 3 and oust its officers, can be
sustained under the pleadings and con-
**Information.** ceded facts. Without stopping to inquire
whether as to that part of the decree which undertook
to disincorporate one of the respondents, it was not
indispensable under the rule in this State that the
information in the nature of a *quo warranto* should
have been filed by the prosecuting. attorney in virtue

of his office, of his own initiative and as the representative of the State (State ex inf. v. Smith, 271 Mo. l. c. 178; State ex inf. v. Woods, 233 Mo. 380; Black v. Early, 208 Mo. l. c. 307; Bank v. Rockefeller, 195 Mo. l. c. 151; State ex rel. v. Birch, 186 Mo. l. c. 219; State v. St. Louis, etc., Ins. Co., 8 Mo. 330; Inhad. Fredericktown v. Fox, 84 Mo. l. c. 65; Gibbs v. Somers Point, 49 N. J. L. 515, et cases cited), we will dispose of the case on its merits in so far as the decree annulling the charter is concerned and determine the correctness or incorrectness of that judgment as if the *quo warranto* had been filed by the prosecuting attorney, not upon the relation of private persons (State ex rel. v. McSpaden, 137 Mo. l. c. 634), but solely in his official capacity as a representative of the State. We decided to take this course for the further reason that in so far as the information in the nature of *quo warranto* was filed for the additional purpose of ousting the directors, it might well have been exhibited for that object only, by the prosecuting attorney upon the relation of private persons. [R. S. 1909, sec. 2631; State ex rel. v. McSpaden, 137 Mo. l. c. 634.]

This *quo warranto* seems to have been instituted under the views expressed by the Kansas City Court of Appeals in State ex inf. Brownfield v. Consolidated School District No. 5, 195 Mo. App. 507.

Jurisdiction.   That action, like the present, was a *quo warranto* by the prosecuting attorney of Cooper County upon the information of private persons seeking a judgment of forfeiture of the corporate franchise of said district and to oust the directors. A judgment of the circuit court of forfeiture and ouster was rendered. This was affirmed by the Kansas City Court of Appeals upon its view that the Act of the Legislature (Laws 1913, p. 722 et seq.) made it the duty of consolidated districts formed thereunder to maintain high schools under penalty of forfeiture of their charters. In addition to the inadequacy of the reasoning of that

36     SUPREME COURT OF MISSOURI,

State ex inf. McGinnis v. School Dist. No. 3.

opinion, as pointed out in State ex inf. v. Con. School Dist. No. 2, 275 Mo. l. c. 528, it is apparent that the Court of Appeals overlooked a question presented by the record proper, which ousted them of any jurisdiction of the subject-matter of the appeal, since the pleadings sought and the court affirmed a judgment ousting the directors of the consolidated district from further tenure of their offices as such. On the subject of appellate jurisdiction of such questions, after reviewing all the authorities, MARSHALL, J., speaking for this court, said:

"Those cases were bottomed upon the proposition that the title to an office under this State was involved, although the person was not a State officer within the meaning of the Constitution. Since the rendition of those decisions this court has entertained jurisdiction in cases seeking to oust school directors from their office on the ground that the case involved the title to an office under this State, although the person was not a State officer, and this, too, notwithstanding it has also been held that a school district is not a political subdivision of this State so as to confer appellate jurisdiction upon this court in cases where a school district is a party." [State ex rel. v. Harter, 188 Mo. l. c. 527.]

It is apparent from this ruling that the Kansas City Court of Appeals had no jurisdiction whatever of the *subject-matter* of the action as far as it sought to oust the school directors from the tenure of their offices as such, and that its judgment affirming that of the circuit court on that point was void.

The undisputed facts in this case bring it clearly within the doctrine announced by this court *in banc* in State ex inf. McAllister v. Con. School Dist. No. 2, 275 Mo. 522. In that case it will be noted that the *quo warranto* was brought by the Attorney-General of the State, solely in his official capacity, to forfeit the charter of a consolidated school district and oust its directors, for the alleged failure on their part to

comply with Section 10776, Revised Statutes 1909, and the statute (Laws 1913, p. 721) providing for the formation of consolidated school districts and prescribing their duties. The substance of the testimony in that case disclosed that the respondent school district, as far as it was able to do so, endeavored to maintain and conduct the schools referred to in the act authorizing the creation of consolidated school districts; that some inhabitants of the district were recalcitrant and instituted litigation affecting the right of the consolidated school district to receive and disburse its revenues; that the school district, as far as it could do so, performed all of its statutory duties. Upon consideration of these facts it was ruled that no ground of forfeiture existed under the terms of the statute invoked by the relator in that case and the judgment of the trial court decreeing a forfeiture was reversed and the cause remanded with directions to dismiss the proceeding.

It is not denied in the present case that all the revenue obtainable by the respondent Consolidated School District has been honestly and faithfully applied to the purposes of its organization. The pith of the contention of the learned counsel for relator is that the Consolidated District has not up to the present time erected a high school building. A complete answer to that suggestion is furnished by the record facts disclosing that until the rendition of the judgment of the lower court in this case, there was pending on appeal in this court a *quo warranto* filed for the purpose of dissolving the respondent corporation. It was a simple matter of prudence and in consonance with the advice of their counsel, that the respondent directors did not hold an election for the purpose of authorizing an issue of bonds while the question of the validity of their incorporation was before the court and undetermined. It is common knowledge that it would have been impossible to market or sell such bonds at anything like their fair value, while a suit was undisposed of

which challenged the right of the corporation to exist at all. Capital is as sensitive as a mimosa plant. It instinctively shrinks from any offering whose validity is open to legal attack or question. Cognizant of this capitalistic creed, respondents acted with praiseworthy prudence in postponing an election for a bond issue until the determination of the suit touching the validity of the charter of the Consolidated School District. The evidence leaves no doubt of the intention and purpose on the part of the respondents to take prompt and proper steps to secure a bond issue as well as State aid, for the erection of a central high school and the performance of the duties prescribed in the highly remedial act authorizing such consolidations.

Under the pleadings and evidence the judgment of the trial court was erroneous: it is therefore reversed and the cause remanded with directions to dismiss the petition. It is so ordered.

All concur.