245 S.W.2d 13 (1952)
SPIKING SCHOOL DIST. NO. 71, DE KALB COUNTY et al.
v.
PURPORTED "ENLARGED SCHOOL DISTRICT R-II, DE KALB COUNTY, MISSOURI," et al.
No. 42019.
Supreme Court of Missouri, en Banc.
January 14, 1952.
*15 Essie Ward, King City, Fred Koling, Albany, E. L. Redman, Albany, for appellants.
Harold Miller, Maysville, for respondents.
DALTON, Judge.
Action for a declaratory judgment to test the validity of the consolidation of certain school districts under RSMo 1949, § § 165.657, 165.707, V.A.M.S. Defendants filed motions to dismiss and assigned as grounds for dismissal that the petition failed to state facts upon which relief could be granted and stated no proper grounds for relief by a declaratory judgment action. The motions were sustained and plaintiffs' petition was dismissed. Plaintiffs have appealed.
This case was first heard in Division Two of this Court where an opinion was prepared but failed to get a carrying vote. The case was transferred to the Court en Banc where it was argued and reassigned. It was later reargued and reassigned. Since the opinion in Division Two properly states the facts, we will adopt the same with some modification and without quotation marks. We will also adopt without quotation marks portions of other opinions prepared in this cause.
The plaintiffs are six former common school districts of Polk Township, DeKalb County, Missouri, their boards of directors and officers, a town school district together with its directors and several individual resident taxpayers, allegedly representing a class of persons within the respective districts. Plaintiffs seek to question the legality of the formation of the new consolidated school district, Enlarged School District R-II, DeKalb County, Missouri, the validity of the election of its directors and their authority to act as such. The defendants are the other former common school districts and their officers and directors who did not join in this action as plaintiffs, the new consolidated district and its officers, the judges of the County Court of DeKalb County, a township trustee, the DeKalb County Treasurer, the County Board of Education of DeKalb County, the Superintendent of Schools of DeKalb County, the Attorney General of the State of Missouri and certain named persons allegedly representing a class of persons, to wit, residents, taxpayers and partrons within the respective districts.
The plaintiffs alleged that the six plaintiff common school districts, by appropriate and proper proceedings, had been annexed to the plaintiff town district, King City School District No. 87, in October, November and December, 1949; that County Boards of Education were purportedly formed, under the statute, supra, in Andrew and DeKalb Counties in May 1949; that the "purported County Board of Education of DeKalb County, Missouri, did attempt to form and organize an enlarged school district to be composed of" the six plaintiff common school districts and other districts and "purported to call and hold a special election" on October 21, 1949; that by the purported special election held October 21, 1949, the plaintiff school disricts and the defendant common school districts, four of which are in Andrew *16 County, were purportedly consolidated into "Enlarged School District R-II, De-Kalb County, Missouri"; that a purported special election was held for the purpose of electing a Board of Directors and directors were declared elected and said directors purported to organize as such board of directors of said reorganized district; and that said directors have purported to act as such.
Plaintiffs further alleged that said "Enlarged School District R-II of DeKalb County" was illegal, nonexistent, ineffective and void; and that it had "no legal political status", because by geographical location and convenience, the six plaintiff common school districts naturally belonged to and were a part of the King City School District No. 87 rather than the new enlarged district; and that the incorporation of the six plaintiff common school districts into the new district deprived plaintiffs of certain fundamental rights and their children of the best education in available schools. In this connection it is alleged that the county boards of education had agreed with the plaintiffs and promised them a choice of districts but arbitrarily proceeded in disregard of the understanding and the best interests of the plaintiffs and their school children. It is alleged that the County Board of Education of DeKalb County, attempting to call the special election, failed to comply with the provisions of the statute and particularly failed to give due and proper notice; and that the election was not "duly and regularly called by the County Board of Education of De-Kalb County, Missouri." It is charged that directors of the new district were chosen without proper notice and that patrons in the plaintiff district were not given the right to a voice in the selection of the directors. It is also alleged that the enlargement of the district invades the plaintiffs' constitutional rights and that the statute (Laws Mo. 1947, Vol. II, p. 370) is unconstitutional in eight particulars. It is alleged that the plaintiffs have certain outstanding obligations and contracts and that they are entitled to certain tax money which the county officials propose to appropriate to the use of the new district.
It is alleged that certain named defendants, purporting to be the Board of Directors of said purported "Enlarged School District R-II, DeKalb County, Missouri," have without any legal authority or right whatsoever, since the 19th day of November, 1949, usurped, held, used, exercised and held themselves out to be school directors of said purported "Enlarged School District No. R-II, DeKalb County, Missouri," purported to be a reorganized school district reorganized under Senate Bill 307, Laws of Missouri, 1947, Vol. 2, page 370, V.A.M.S. § 165.657 et seq., that said defendants unlawfully and illegally claim that said reorganized district, includes within its boundaries the six plaintiff common school districts, "alleged herein to be now a part of King City School District No. 87, Gentry County, Missouri"; and that said defendants claim the money and properties of said common school districts and are "unlawfully and illegally attempting to supervise, exercise dominion, jurisdiction and control thereof and of their school functions." It is alleged, as to the consolidations, that the Attorney General "has deferred the question of bringing of actions concerning their alleged validity and the bringing of quo warranto proceedings to the judgment and discretion of the several prosecuting attorneys of the several counties, and has declined to bring quo warranto proceedings in this instance," and it is alleged that the Prosecuting Attorney of DeKalb County refused to lend his office to this proceeding and in fact is respondents' counsel here, as he was in the trial court. Declaratory relief appropriate to each allegation is prayed.
This court has jurisdiction of this appeal as J. E. Taylor, Attorney General of Missouri, a state officer, as such, is a party defendant in the cause. Art. V, Sec. 3 Constitution of Missouri, 1945, V.A.M.S.
Appellants first assign error on the dismissal of their petition and contend that "the court erred in holding that a declaratory judgment action does not lie and is not available to plaintiffs in this proceeding." It does not appear from this record on what ground the trial court acted, but several *17 grounds were stated in the motions to dismiss. If the court properly dismissed the petition, it is of course immaterial on what ground the court acted or assigned as grounds therefor. Holland Banking Co. v. Republic Nat. Bank, 328 Mo. 577, 41 S.W.2d 815, 820; Huttig v. Brennan, 328 Mo. 471, 41 S.W.2d 1054, 1062.
Appellants argue that the petition alleges the reorganized district "was illegally formed and its directors were purporting to hold office without authority of law"; that "the action of the court in dismissing plaintiffs' petition wholly deprives plaintiffs of any and all remedy for the wrongs and grievances set out in their petition"; that the remedy provided by quo warranto is not available to plaintiff, as the prosecuting attorney of the county is of counsel for defendants and plaintiffs have no adequate remedy at law; that this action "seeks to declare common school districts to be now a part of King City School district * * * seeks for a declaration of ownership of properties and money * * * seeks to put to rest conflicting claims of political status and afford relief from uncertainty and insecurity"; and that the petition "adequately states a cause of action for declaratory judgment relief." In their supplemental brief, appellants concede that "all of the points in the instant case are closely related to the question of legality of the purported R-II district" and, accordingly, they direct their arguments to that question and insist that "the purported Enlarged School District R-II is not legally organized and its purported board of directors is not legally elected." Appellants say: "The gist of all the complaints is that the County Board of Education did not follow the statutes, did not stay with the statutory authority wherein it was created and the power vested, violated the terms of the statute and exceeded their statutory authority in the purported reorganization of the district."
Respondents insist that the six plaintiff common school districts are not proper parties to bring this action; that it is against public policy to permit the use of a declaratory judgment action to determine the validity of school organization proceedings, or to allow a remedy to any party for such purpose, except to the state by quo warranto; that no justiciable controversy exists even if a declaratory judgment action is a proper remedy; and that, in any event, this controversy is now moot because "the old King City Town School District No. 87, an original party plaintiff herein, has become dissolved and is now a part of Enlarged School District King City, R-I, Gentry County, Missouri" and it is not possible for the court to decree any territory to be a part of the new district.
The statute under which the consolidation was effectuated has been declared constitutional in the case of State ex rel. Reorganized School District No. 4 of Jackson County v. Holmes, 360 Mo. 904, 231 S.W.2d 185. The appellants have specifically waived their allegations that the act is unconstitutional and concede that that issue is now out of the case.
The allegations of the petition concerning georgraphical location and convenience are, of course, immaterial because the action of the County Board in fixing the area and boundaries of the district (as authorized by RSMo 1949, Sec. 165.677, V.A.M.S., after approval by the voters, is not subject to judicial review. See State ex rel. Consolidated Dist. No. 9 of New Madrid County v. Thompson, 325 Mo. 1170, 30 S.W.2d 603.
The case of State ex inf. of Latham, Prosecuting Attorney v. Allen, 361 Mo. 963, 237 S.W.2d 489, was submitted in Division Two of this court at the same session as the case at bar, and in that case we held that the posting of notices and the newspaper publications published prior to the formation of the "Enlarged School District R-II, DeKalb County, Missouri" constituted proper notice under the statute.
Appellants, however, say the petition in this cause charges two grounds "why the election was bad other than the one submitted in the Andrew County case," to wit: "that there were no signed notices of election posted, and further that there was no call for election by the board itself as provided by law"; that "whether or not the election was held on valid notices * * * *18 is not moot"; and that "the mere formulating of the notices, and printing and publishing them or even signing them would not amount to a proper call for the election."
In the recent case of State ex inf. Mayse et al. v. Goodwin, Mo.Sup., 243 S.W.2d 353, 354, this court held there was no merit in a complaint based upon the fact that the president and secretary of the County Board of Election did not manually affix their genuine signatures to the notices of election which were posted in the various school districts proposed to be consolidated.
On the issue of a proper call for the election, the petition alleged that "the said County Board of Education in the attempted call for said special election for the purpose of forming said proposed Enlarged School District * * * failed and neglected to comply with provisions of Section 8 of said Senate Bill No. 307 * * * in the following particulars: * * * That said purported election of October 21, 1949 was not duly and regularly called by the County Board of Education of DeKalb County, Missouri." In said respects the petition states a mere conclusion. There is no allegation that no call was made. The petition refers only to "the attempted call" and says that the election "was not duly and regularly called by the County Board of Education." This was the mere conclusion of the pleader and no facts are stated. Mallinckrodt Chemical Works v. Nemnich, 169 Mo. 388, 397, 69 S.W. 355.
Assuming, however, that the allegation was sufficient to make an issue that no election was called as required by RSMo 1949 Sec. 165.680, V.A.M.S., and, assuming further, that other issues are presented, still we think the action must fail.
The action must fail and the judgment must be affirmed for want of a proper party plaintiff to maintain the action. Clearly, on the allegations contained in plaintiffs' petition, the action cannot be maintained in the name of the six plaintiff common school districts and the persons alleged to constitute their several boards of directors. While the petition names these six common school districts and the individuals constituting their respective boards of directors and officers, as parties plaintiff, it further states facts tending to show that the said six common school districts have no legal existence and had no such existence at the time the suit was instituted. On the facts stated and on plaintiffs' own theory, as set forth in the petition, the said common school districts and the alleged members of their boards of directors and officers had no capacity to sue as such, or to be parties plaintiff in any action in such capacities, or to maintain any action.
Plaintiffs first alleged that the six plaintiff common school districts "prior to the happenings and acts herein alleged were, and may now be, political sub-divisions of Polk Township, DeKalb County, Missouri." Subsequently, plaintiffs alleged detailed facts purporting to show the valid annexation of each of said six plaintiff common school districts to the plaintiff King City School District No. 87 of Gentry County, Missouri. The specific date of the election and annexation of each of said common school districts to said King City School District No. 87 is particularly alleged. Plaintiffs further alleged that "petitioners verily believe that from and since said time" (the alleged date of the annexation of each of the respective common school districts) each of said former districts "became and now is a part of said King City School District No. 87, Gentry County, Missouri." The petition further refers to these six common school districts as "alleged herein to be now a part of King City School District No. 87, Gentry County, Missouri." The prayer of the petition included a statement "that the court will by its judgment and decree declared plaintiffs common school districts * * * now to be annexed to and a part of plaintiff King City School District No. 87 and a valid and legal portion of said political sub-division * * * and that plaintiff King City School District No. 87 shall now act and perform all the contracts of plaintiffs common school districts and its functions." In appellants' original brief *19 filed in this court, appellants under points and authorities say: "The action herein * * * seeks to declare common school districts to be now a part of King City School District." In the supplemental brief filed in this court appellants now say that "the petition does not allege or declare a direct legal status of any of the plaintiff common school districts," but asks the court to declare the legal status of the parties plaintiff. Appellants now ask us to disregard the conclusions, opinions and unnecessary statements contained in the petition. We may not do so. Appellants are bound by the theory upon which the cause was presented and lost in the trial court. State ex rel. Brotherhood of Locomotive Firemen & Enginemen v. Shain, 343 Mo. 666, 123 S.W.2d 1, 4, and cases cited. They are further bound by the original theory upon which it was presented in this court.
It is our conclusion that in view of the factual allegations of the petition with reference to the detailed steps taken by each of the six plaintiff common school districts for annexation to the King City district and the legal conclusions drawn by the pleader, which conclusions are set out in the petition and evidence plaintiffs' theory of the action, the six named plaintiff common school districts and the named individuals purporting to be directors and clerks of the several plaintiff common school districts were without official status whatsoever; and that on the plaintiffs' own theory, as set forth in the petition, the said six plaintiff common school districts had no legal existence at the time the action was instituted on December 29, 1949 and their alleged directors and clerks were without authority to act for or on behalf of said districts, or in the official capacities indicated, or to institute or maintain this action. In other words, a common school district, alleged to be nonexistent as a corporate entity, or whose existence is alleged to be doubtful or in dispute, cannot maintain a declaratory judgment action in its own name, or in the names of those alleged to constitute its board of directors and officers, for the purpose of establishing its nonexistence. See Parker v. Unemployment Compensation Commission, 358 Mo. 365, 214 S.W.2d 529, 534; State ex rel. Consolidated School Dist. No. 1 v. Jones, 320 Mo. 353, 8 S.W.2d 66, 67 (5).
The case of School Dist. No. 1, Multnomah Co. v. School Dist. No. 45, 148 Or. 554, 37 P.2d 873, does not aid appellants. In that case plaintiff school district No. 1 alleged facts tending to show that an order of consolidation of School Districts 1 and 45 was illegal and void; that defendant School District No. 45 had not been validly consolidated with the plaintiff School District No. 1; and that plaintiff was not obligated to furnish instruction to school children residing with the boundaries of School District No. 45. Both plaintiff and defendant requested declaratory judgment relief and the order of consolidation was held invalid. The legal existence of School District No. 45 was not contrary to plaintiffs' theory of the case. The case of Hydesburg Common School Dist. v. Rensselaer Common School Dist., Mo.App., 218 S.W.2d 833, also relied upon, does not aid appellants, since plaintiffs in that case were asserting their legal existence.
Our conclusion that, on plaintiffs' own theory the common school districts are not proper plaintiffs, is further sustained by appellants' position as set forth in appellants' original brief, that "the petition includes a request for judgment concerning conflicting claims of the King City School District against the purported `Enlarged School District R-II, DeKalb County, Missouri.' Each claims the territories incorporation in the six (6) plaintiffs common school districts in DeKalb County. The King City School District claims the territories by annexation and the Enlarged R-II School District claims it by virtue of its purported creation as an enlarged school district under the provisions of Senate Bill 307." In the brief appellants further refer to the plaintiff common school districts as "the former plaintiffs common school districts." The petition was clearly drawn and submitted upon the theory that the six plaintiff common school districts had been validly annexed to the *20 King City district and that King City School District No. 87 was an essential party plaintiff demanding declaratory judgment relief.
It is now admitted by appellants and respondents that "the former plaintiff King City School District No. 87 is now a part of said reorganized school district and known and functioning as Enlarged School District King City, R-I, Gentry County, Missouri." Since the commencement of this action and its submission on appeal in this court, a plan for reorganization was adopted by the County Board of Education of Gentry County and approved by the State Department of Education and this plan was adopted by the people of the proposed reorganized district at an election. The six former common school districts, having once been validly annexed to the King City School District No. 87, as alleged, would not regain their corporate existence when the "former plaintiff King City School District No. 87 in Gentry County" became a part of Enlarged School District King City, R-I, Gentry County, Missouri. See, State ex inf. McGinnis ex rel. Kemble v. Consolidated School Dist. No. 3, 277 Mo. 28, 209 S.W. 96; Hydesburg Common School Dist. v. Renesselaer Common School Dist., supra, 218 S.W.2d 833, 841. Accordingly, on the pleaded and admitted facts and upon plaintiffs' own theory, the action can neither be maintained by the six former common school districts, nor by "former plaintiff King City School District No. 87," nor by the alleged board of directors and officers of said former school districts in such capacities. Parker v. Unemployment Compensation Commission, supra, 214 S.W.2d 529, 534; Garrison v. Schmicke, 354 Mo. 1185, 193 S.W.2d 614, 615; State ex rel. Chilcutt v. Thatch, 359 Mo. 122, 221 S.W.2d 172, 176; 39 Am.Jur., Parties, Sec. 10, p. 859.
There remains for consideration the individual parties plaintiff, who seek to maintain this action on the basis alleged in the petition, to wit, that they are bona fide residents, taxpayers and patrons of the said common school districts and constitute a class having a justiciable interest herein; and that the named individuals fairly represent said class for all purposes. Our conclusion is that such parties are not proper plaintiffs to maintain the action.
The petition states facts tending to show that the defendant named as "The purported "Enlarged School District R-II, DeKalb County, Missouri, a purported municipal corporation'" is at least a de facto reorganized school district and that it is functioning as such. While the petition alleges that the various steps taken were illegal and void, nevertheless it clearly appears from the petition that County Boards of Education were purportedly established in Andrew and DeKalb Counties in May 1949 in pursuance of the provisions of Senate Bill 307; that the County Board of Education of DeKalb County attempted to form and organize an enlarged school district and included therein the six common school districts in question; that said board purported to call a special election on October 21, 1949 for the purpose of voting upon the proposition of forming the enlarged district; that said election was held; that, after the purported election, the board declared that the proposition to form the proposed enlarged district had received a majority vote favorable thereto; that thereafter the board purportedly called and held a purported special election on November 29, 1949 for the purpose of electing directors for said enlarged district; that at said election certain named persons, defendant herein, were declared to have been elected as directors of the purported enlarged district; and that thereafter the said purported directors attempted to organize and elected officers and designated named persons as clerk and treasurer of said purported district. As stated, it is further alleged that, since the 21st of October, 1949, the purported directors of said enlarged district have held, used, exercised and held themselves out to be the school directors of said purported enlarged school district; that they have claimed the money and properties of the common school districts; and that they are attempting to supervise, exercise dominion, jurisdiction and control of the school function *21 in the district. These allegations show the de facto existence of the alleged reorganized school district and that it is purporting to function as such. State ex rel. Smith v. Gardner, Mo.App., 204 S.W.2d 319; State ex rel. Consolidated School District No. 2 Clinton County v. Hunt, Mo.Sup., 199 S.W. 944.
In view of the facts alleged, a declaratory judgment action is not available to the individual plaintiffs who are residents, patrons and taxpayers of the reorganized district. Bonderer v. Hall, Mo.Sup., 205 S.W. 542; State ex rel. Consolidated School Dist. No. 2 Clinton County v. Hunt, supra. They are only indirectly affected by the lack of de jury existence of the reorganized district and the attempted action by them is in the nature of a collateral attack. Black v. Early, 208 Mo. 281, 303, 106 S.W. 1014; Burnham v. Rogers, 167 Mo. 17, 21, 66 S.W. 970; Kayser v. Trustees of Bremen, 16 Mo. 88, 90; State ex rel. Smith v. Gardner, supra. Further, a declaratory judgment that the reorganized school district had no de jure existence would not oust the de facto corporation from the exercise of its franchise and powers, nor remove its officers from the positions they purport to occupy. The proper action for that purpose is quo warranto. RSMo 1949, Sec. 531.010 to 531.060, V.A.M.S.; 44 Am.Jur. 174, 178, Secs. 117-120. "The corporate existence of a municipal or public corporation, in the defacto exercise of corporate life, must be challenged by the state itself by an information in the nature of a quo warranto, and collateral attacks thereon ought not to be tolerated. * * * Until questioned by quo warranto or other direct proceedings by the state, it is intolerable that, every time a city sues on an account, it must first establish its right to exist." State ex rel. Musser v. Birch, 186 Mo. 205, 219, 85 S.W. 361, 365. It is unnecessary to determine whether, under particular circumstances, an alleged existing common school district may by a declaratory judgment action directly attack the validity of an alleged reorganization proceeding which purports to destroy said district by consolidation or reorganization with other districts.
On the pleaded and admitted facts we must hold the corporate existence of the reorganized district could only be questioned by the state in a direct proceeding instituted for that purpose. State ex inf. Barker v. Smith, 271 Mo. 168, 196 S.W. 17; State ex rel. Consolidated School District No. 2 Clinton County v. Hunt, supra; Bonderer v. Hall, supra, 205 S.W. 542; State ex rel. Smith v. Gardner, supra, 204 S.W.2d 319; Spilker v. Bethel Special School District Shelby County, Mo.App., 235 S.W.2d 78. The refusal of the prosecuting attorney of DeKalb County or the Attorney General of the State, as alleged, to institute quo warranto to test the validity of the reorganization proceeding, could not authorize the individual plaintiffs to maintain the action and make a collateral attack upon the reorganization proceedings, or upon the rights of the directors of the reorganized school district to act as such directors. State ex rel. Smith v. Gardner, supra.
On the record presented and admissions made no valid grounds appear for the reversal of the judgment entered by the trial court.
The judgment is affirmed.
HOLLINGSWORTH, TIPTON, CONKLING, JJ., and ELLISON, C. J., concur.
HYDE, J., concurs is result.
LEEDY, J., dissents.